# IN THE COURT OF APPEALS OF IOWA

No. 16-1408
Filed November 8, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CARLOS MARTINEZ,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.

        Carlos Martinez appeals following his guilty plea to harassment. **AFFIRMED.**

        Kevin Hobbs, West Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

        Considered by Potterfield, P.J., Mullins, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

On June 9, 2016, Carlos Martinez was arrested for violation of a no-contact order with his son. As he was taken into custody, he said he would "get" his wife for calling the police, he screamed he was going to "kill her when he got out of jail," and that he was "going to shoot her with his rifle."

On July 21, Martinez entered a written guilty plea to first-degree harassment, an aggravated misdemeanor, in violation of Iowa Code section 708.7(1)(b) (2016). On that same date, the district court entered a sentence of forty-three days in jail and a fine of $650, which fine was suspended. Consistent with the plea agreement, the court gave Martinez credit for forty-three days served. Martinez waived reporting of the plea and sentencing. The record indicates Martinez was assisted by an interpreter and an attorney.

On appeal, Martinez contends his plea was not given voluntarily and intelligently because he received ineffective assistance of counsel, which caused him to waive his right to a speedy trial, remain incarcerated for a prolonged period of time, and left him feeling like he had no options other than pleading guilty. Only if the record is adequate, which is "rare," can we decide an ineffective-assistance-of-counsel claim on direct appeal from the criminal proceedings. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "To establish his claim of ineffective assistance of counsel, [the defendant] must demonstrate (1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Id.* Moreover, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Id.* at 138.

Because this record is not adequate to address Martinez's ineffectiveness claims, we affirm the conviction and preserve his ineffective-assistance-of-counsel claims for possible postconviction proceedings. *See State v. Carroll*, 767 N.W.2d 638, 645 (Iowa 2009).

**AFFIRMED.**